NELLIE HENRIKSON, petitioner,

*v.*

FREDERICK HENRIKSON, defendant.

[Decided May 18th, 1925.]

Divorce—Extreme Cruelty—Evidence Examined, and Though Some Acts of Cruelty Were Admitted, the Defendant's Story Was Frank and the Presence of Provocation Was Manifest —Witness in a Position to Give Material Testimony Not Called—Decree Denied.

On final hearing.

*Mr. Amos N. Waln,* for the petitioner.

*Mr. Romulus P. Rimo,* for the defendant.

BUCHANAN, V. C.

The petition is by the wife for divorce on the ground of extreme cruelty. The marriage in 1911 is duly proven, and

the residence of both parties in the city of Trenton ever since. The wife testifies to cruel conduct by the husband covering a period from 1916 to 1922, when the parties separated; that the defendant frequently slapped her face, struck her about the shoulders, pulled her hair, choked and on two or three occasions knocked her down. There was corroboration of some of the incidents by one sister and of others by another sister. The most serious attack alleged was immediately preceding the separation.

The husband denied that he had ever struck, slapped or choked her, or done anything but defend himself by pushing her away when she scratched his face, as she frequently did.

I am satisfied that the truth lies somewhere in between the two contentions. The manner of the wife and her sisters was convincing as to the necessity of discounting their testimony; there was *no* denial as to the wife's scratching the husband. Both sides concur in stating that the differences arose over money matters, he insisting that she was extravagant and she that he was penurious with her. On this issue, from the entire evidence, I am strongly inclined to credit the husband.

Undoubtedly, the husband did use physical violence toward his wife on occasions, beyond the mere pushing away, but I am not satisfied that there was anything really serious, except, perhaps, one one or two occasions; and I am satisfied that most, if not, indeed, all, the occasions, were not without provocation on her part.

He admits that on one occasion he tore her away from the door of the bedroom and threw her on the bed and sat on her, but says this was because she was holding the door shut to prevent him from going out. This was six or eight years ago. He also says that on the occasion immediately preceding the separation he was drunk, and either from that, or from a blow which he says was dealt him by his sister-in-law, he does not remember what took place. He does testify, however, to conduct by the wife for a couple of days previous, which gave provocation, attendance at liquor parties and late hours (though he admits that his wife never drank anything but wine), and disregard of her household duties.

Court of Chancery—Henrikson v. Henrikson.

His manner was frank, and his admissions of things, which he might easily have denied, lead me to conclude that his testimony, at least, balances that of the wife and sisters. Furthermore, it appears that two persons, a brother-in-law of the wife, and a policeman, were in a position where they might be expected to give material testimony corroborating the wife's story. Neither one was present as a witness, nor was any explanation given for their absence.

I find that the petitioner's proofs are insufficient to establish such cruelty by the husband as would warrant a decree for divorce. The petition will be dismissed, with costs, however, including a counsel fee of $25 in favor of the wife.